UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THOMAS KARMATZIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 13-CV-3121 |
| THOMAS BAKER, | ) ) ) |
| Defendants. | ) ) |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Graham Correctional Center, seeks leave to proceed in forma pauperis. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**ANALYSIS**

Plaintiff has a pending case before this Court, in which he pursues claims for deliberate indifference to his serious medical needs and retaliation for the exercise of his First Amendment rights arising from incidents which occurred in Western Illinois Correctional Center. Karmatzis v. Fuqua, et al., 11-CV-3373 (C.D.

Ill).  The claims in this case involve alleged continuing retaliation for pursuing the 11-CV-3373 lawsuit.

Plaintiff alleges that, shortly after the scheduling deadlines were set in his case 11-CV-3373, Defendants wrote three false disciplinary reports against him in order to manufacture a reason to transfer him from Western Illinois Correctional Center to a higher security prison.  Two disciplinary reports, written on September 11 and September 18, 2013, accused Plaintiff of failing to provide a urine sample for drug testing.  Plaintiff alleges that he has a medical condition that makes urinating difficult, and that he suffers from dehydration and blood in his urine.  Defendants allegedly knew that Plaintiff could not produce a urine sample, but went forth with the discipline anyway.  Plaintiff was found guilty on both tickets, but the latter ticket was eventually expunged due to Plaintiff's medical condition.  The third disciplinary ticket was written on September 2, 2013, accusing Plaintiff of carrying excess medications (Metamucil) on his person.  Plaintiff was found guilty of that offense, even though an officer provided a written statement that the officer had granted Plaintiff permission to carry the excess medicine to return the medicine to the health care unit.

Also, Plaintiff seems to allege that the medical staff at Western Illinois Correctional Center refused to treat him for his difficulty urinating, blood in his urine, and dehydration in retaliation for his lawsuit.

At this point, the Court cannot rule out a claim that Defendants retaliated against Plaintiff for Plaintiff's exercise of his First Amendment right to pursue his action in 11-CV-3373.  To prevail on his First Amendment retaliation claim, Plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir.2009) (*quoting* Woodruff v. Mason, 542 F.3d 545, 551 (7th Cir.2008)); Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012).  If Plaintiff makes this showing, Defendants must show that they took the action for a legitimate reason.  Plaintiff must then offer evidence that the purported legitimate reason for the adverse action is untrue.  Thayer v. Chiczewski, 705 F.3d 237, 252 (7th Cir. 2012).  In other words,

Plaintiff must ultimately prove by a preponderance of the evidence that the adverse action occurred because of the retaliatory motive, not just that the action was motivated in part by retaliation.  Id.

However, Plaintiff is not required to prove his claim at this point.  He is required only to allege enough facts which, if true, allow a plausible inference that the adverse actions were motivated by retaliation for his lawsuit.  He has met this burden as to the Defendants working at Western Illinois Correctional Center.

However, no plausible inference arises that the Defendants working at Menard Correctional Center took any action against Plaintiff in retaliation for Plaintiff's 11-CV-3373 lawsuit.  Plaintiff alleges that the failure of officials at Menard Correctional Center to expunge his discipline was motivated by retaliation, but this alleged failure is too attenuated from Plaintiff's 11-CV-3373 lawsuit to allow a plausible inference of retaliatory motive.  Case 11-CV-3373 is against Western officials and arises from events at Western, not Menard.  None of the Menard officials were involved in writing the disciplinary reports or acting on the Adjustment Committee which found Plaintiff guilty.  If Plaintiff is alleging that Menard officials retaliated against Plaintiff for Plaintiff's grievances filed at Menard,

that claim would not be properly joined with this case and should be filed in the Southern District of Illinois.

Lastly, Plaintiff states an arguable claim against the medical professionals at Western Illinois Correctional Center for deliberate indifference to his serious medical needs. This claim may overlap with the claim Plaintiff is already pursuing in 11-CV-3373, but that determination requires a more developed record. Plaintiff's claim against the Menard officials for deliberate indifference to his medical needs is not properly joined in this case.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's handwriting is difficult to read. By July 3, 2013, Plaintiff is directed to inform the Court whether he can obtain access to a typewriter in order to type his future filings.

2) The merit review scheduled for June 10, 2013 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

3) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following constitutional claims that will proceed in this case: 1) First Amendment retaliation claim against Defendants Baker, Still,

Davis, Dorsey, Korte, Gille, Jennings, Bloomfield, Williams, Ervin, and Johnson; 2) Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs against Defendants Baker, Still, and Johnson.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    4)    Defendants Veath, Sheering, Nwaobaisi, Fuentes, Crain, Oakley, and Harrington are dismissed, as are the claims against them.

    **5)    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

    6)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said

Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

9) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document

electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10)   This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on August 26, 2013, at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

11)   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

12)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this order.**

ENTERED:  June 5, 2013

FOR THE COURT:

                                  ___s/Sue E. Myerscough___
                                        SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE